UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00053-MOC-DLH

| | | |
|---|---|---|
| **KAREEM ABDULLAH KIRK-BEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES CONGRESS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on initial review of plaintiff's Complaint. In this Complaint, plaintiff challenges the validity of his state court convictions and seeks monetary damages based on a theory that state criminal laws do not apply to him as he has been miscategorized as "black" when he should be considered "Moorish." In a previous civil action filed with this court, plaintiff challenged the same state-court convictions and sought monetary damages based on a theory that he had not contracted with the State of North Carolina, Kirk-Bey v. Murray, 3:12cv106-RJC, which was dismissed as frivolous. Id. at Order (#3) and Judgment (#4). Plaintiff has also filed another action in this court, Kirk-Bey v. Charlotte Mecklenburg Police Dept., 3:13cv330-RJC, which also constituted a civil action challenging such undisturbed state convictions, which this court also dismissed as frivolous. That decision was recently upheld by the Court of Appeals for the Fourth Circuit. Kirk-Bey v. Charlotte Mecklenburg Police Dept., No. 13-7324 (4th Cir. Jan. 29, 2014).

Prior to reaching plaintiff's Application to Proceed in Forma Pauperis, the court has considered and conducted an initial screening of plaintiff's Complaint as required by 28 U.S.C. §

1915A. This time, plaintiff is contending, among other things, that his state-court convictions are invalid and that he is entitled to relief under the "ex post facto" clause because his race has been misclassified as "black" and that his real race is "Moorish." Plaintiff seeks relief in the form of monetary damages, declaratory relief in the form of reclassification of his race, and a declaration that all of his state court convictions are null and void because the paperwork underlying those convictions referred to him as "black" or "African-American" and "is ex-post facto to the Constitution." Complaint at 8. Plaintiff has sued the "United States of America," the "United States Congress," and the "United States Supreme Court." This Court takes judicial notice that the North Carolina Department of Public Safety web site indicates that plaintiff is serving a sentence of 32 years to 36 years and 7 months after being convicted on April 27, 2011, of statutory rape/sex offense and abduction of child, with the offenses occurring on July 5, 2007, and July 3, 2007.[1]

Section 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; see also 28 U.S.C. § 1915(e)(2). A pro se plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim unless after accepting all well pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the

---

[1] The website indicates an initial conviction date of 4/27/2011, but that such was vacated, with a conviction date of 9/13/2012. The court has assumed that such reflects a resentencing proceeding conforming with the instructions of the North Carolina Court of Appeals post affirmance by the Supreme Court on August 23, 2012.

plaintiff cannot prove any set of facts in support of his claim entitling him to relief. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). Pro se filings, however unskillfully pleaded, must be liberally construed. Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994). A complaint is frivolous where it lacks an arguable basis in either law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Even the requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

Plaintiff's claims for damages, declaratory relief, and either equitable or habeas corpus relief, while concerning his state incarceration, have been made against federal defendants. Section 1983 does not apply to federal defendants; rather, a civil rights action against federal defendants is properly characterized as arising under Bivens. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). To the extent that plaintiff invokes the Federal Torts Claims Act ("FTCA") as a basis for his action (which does not appear in the Complaint), the court has no subject matter jurisdiction under that provision based on the allegations in this Complaint. The United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of that immunity as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [federal] Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); Suter v. United States, 441 F.3d 306, 310 (4th Cir.), *cert. denied*, 127 S.Ct. 272


(2006). Before a plaintiff may bring an FTCA claim in federal court, that claim must have been presented to the appropriate agency and finally denied in writing by that agency. 28 U.S.C. § 2675(a). Plaintiff has not made such showing and all of his claims against the named federal defendants are, therefore, frivolous.

The court will assume that plaintiff intended to sue state officials, such as the warden of the facility in which he is housed. It is well settled under Heck v. Humphrey, 512 U.S. 477 (1994), that a plaintiff cannot receive damages or equitable relief via a Bivens action or a Section 1983 action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. Id. at 486–87; Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995) (holding that Heck applies to Section 1983 and Bivens actions). Plaintiff has failed to make such a showing as was the case in his previous actions.

Finally, the court has carefully considered the Complaint to determine whether or not it could be considered a viable petition for habeas corpus relief under 28 U.S.C. §2254 and the Rules Governing Section 2254 Proceedings. Of particular note, the Complaint does not name a state respondent in whose custody plaintiff is presently found, Rule 2(a); it does not specify the judgment it attacks, Rule 2(b); and it does not contain a statement that this action was filed within one-year of the judgment becoming final or qualifies under any enumerated exception to that requirement. 28 U.S.C. 2244(d)(1). Further, review of reported cases of the North Carolina Supreme Court reveals that *certiorari* was denied in State v. Kirk, 366 N.C. 2012 (2012), on August 23, 2012, making the filing of this action on or about February 20, 2014, untimely.[2]

---

2    In an abundance of cautioned, the court has used the date plaintiff signed his Complaint as the earliest possible date of filing.

## ORDER

**IT IS, THEREFORE, ORDERED** that: (1) plaintiff's Complaint (#1) is dismissed without prejudice as barred by Heck v. Humphrey; and (2) plaintiff's Application to Proceed in Forma Pauperis (#2), is GRANTED for the limited purpose of this review.

The Clerk of Court shall note that this is plaintiff's third frivolous civil action concerning the same subject matter and send a copy of this Order to the *pro se* law clerks.

### Denial of Certificate of Appealability

To the extent plaintiff may have attempted to asserted a Section 2254 action, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: 3/10/2014

Max O. Cogburn Jr.
United States District Judge